**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| **FLETCHER LAUNDRY I LLC.,** an | ) | Case No. 14-10810 |
| Illinois limited liability company, | ) | |
| | ) | Hon. Donald Cassling |
| Debtor. | ) | |

**MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION, AND (III) SCHEDULING A FINAL HEARING**

FLETCHER LAUNDRY I LLC. , as debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case, hereby moves the Court for entry of an order pursuant to Sections 105, 361, 362, and 363 of title 11 of the United States Code (the "Bankruptcy Code") for entry of interim and final orders (i) authorizing the Debtor to use "cash collateral," as that term is defined in the Bankruptcy Code, in which the Debtor's pre-petition alleged secured lender purportedly has an interest (the "Cash Collateral"), (ii) granting adequate protection to the Debtor's alleged pre-petition secured lender, and (c) scheduling a final hearing on this motion pursuant to Rule 4001(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  In support of this Motion, the Debtor states as follows:

<u>JURISDICTION</u>

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory basis for the relief requested herein are sections 105, 361, 362 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2002, 4001, 6003 and 9014 and Rules 4001-2 and 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

BACKGROUND

3. On March 25, 2014, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. As set forth in the Declaration of Alexander Fletcher, the Sole Operating Manager of FLETCHER LAUNDRY I LLC. (the "Fletcher Declaration") and in support of this Motion for Use of Cash Collateral, the Debtor has operated a Laundromat business located at 1346-52 East 75th St., Chicago, IL 60619 ('the 75th St. Property") since May 2005. The Debtor's business operations since 2007 have always been profitable. Unfortunately, on or about April 12, 2012, a fire occurred on the 75th St. Property which caused major damage to the commercial building and destroyed the Laundromat and equipment contained in the building. As a result of the fire to the 75th St. Property, the Debtor filed an insurance claim with its insurer, Farmers Insurance Company, for the purpose of repairing and reconstructing the building and Laundromat, including the purchase of new equipment, so that the Debtor could once again conduct its Laundromat business on the 75th St. Property. Fletcher Laundry I LLC received in excess of $1,700,000 in insurance proceeds for the purpose of rebuilding the 75th St. Property and installing new equipment in the Laundromat. This work was substantially completely by September, 2013 and the Laundromat re-opened for business at that time. Of course, during the rebuilding period, the Laundromat did not operate. The Debtor, for a portion of this period, received business interruption insurance payments. Because of the extended delay in construction, the re-opening of the Laundromat was significantly postponed. As a result, the Debtor became delinquent with respect to its monthly Note payments to its secured lender, ABC Bank f/k/a Austin Bank of Chicago ("ABC Bank"), which holds a first and second mortgage on the 75th St. Property totally approximately $1,600,000 and also claims to hold a security interest in all of the Debtors, receivables, accounts, inventory and equipment. Because of these uncured arrears, ABC Bank filed a foreclosure proceeding against the Debtor which is currently pending in the Circuit Court of Cook County and, in turn, this foreclosure suit has

prompted the Debtor to seek bankruptcy protection under Chapter 11 of the Bankruptcy Code.

5.  Additional information regarding the Debtor is set forth in the Fletcher Declaration in Support of Debtor's Chapter 11 Petition and this Use of Cash Collateral Motion, which is incorporated herein by reference.

6.  The Debtor is indebted to ABC Bank f/k/a Austin Bank of Chicago ("ABC Bank") in the total amount of around $1,600,000 which is secured by a First and Second Mortgage encumbering the 75th St. Property. In addition, as set forth in the Fletcher Declaration, Alexander Fletcher is the sole member and operator of Fletcher Laundry II LLC and Fletcher Laundry III LLC; these entities operate Laundromats at 6043-49 S. Halsted St., Chicago, IL., ("the Halsted St. Property") and 860 E. 63rd St., Chicago, IL., ("the 63rd St. Property") respectively. The Halsted St. Property is owned by Fletcher Laundry II and the 63rd St. Property is owned by Fletcher individually. The Halsted St and 63rd St Properties as well as Fletcher's residence located at 1420 Mason Dr., LaGrange, IL serve as additional collateral with respect to the $1,600,000 ABC Bank loan to the Debtor. Fletcher Laundry II LLC is also a co-borrower with respect to the $1,600,000 loan. Finally, ABC Bank claims a security interest in all of the Debtor's receivables, accounts, inventory and equipment.

## BASIS FOR RELIEF REQUESTED

7.  The Debtor requires immediate access to the Cash Collateral to permit, among other things, the orderly continuation of the operation of its business, to maintain business relationships with its vendors, suppliers, and tenants, to make payroll, to make necessary and urgent capital expenditures, to pay the costs of administration of its estate, and to satisfy other working capital and operational needs.

8.  The Debtor does not have sufficient available sources of cash to carry on the operation of its business without the use of the Cash Collateral. The Debtor's ability to maintain

business relationships with its vendors, suppliers, and tenants, to pay its employees, and otherwise finance its operations is essential to the Debtor's continued viability and prospects for reorganization. Without continued and uninterrupted access to the Cash Collateral, the Debtor will not be able to continue operations, and the Debtor, its estate, and its creditors will suffer serious and irreparable harm.

9. The Debtor submits that the requests set forth herein are fair and reasonable and reflect the Debtor's prudent exercise of its business judgment consistent with its fiduciary duties.

10. As adequate protection for, and to the extent of, any diminution in the value of the Bank's' interest in the Cash Collateral resulting from its usage, but only to the extent the Bank's interests in the Cash Collateral constitute valid and perfected liens and security interests as of the Petition Date, the Bank shall receive the following:

    a. <u>Replacement Liens</u>: The Bank shall be granted a replacement lien of the same priority and to the same extent and in the same collateral as the Bank had pre-petition.

    b. <u>Reporting</u>: The Debtor will provide the Bank with all reports, if any, required under any existing Loan Documents.

    c. <u>Budget</u>: The Debtor will operate within 10% of the attached proposed budget until use of cash collateral is approved on a permanent basis.

    d. <u>Other</u>:

Commencing on April 5, 2014, the Debtor will make a payment of $7,500.00 on or before the fifth (5th) day of each month until the earliest of the following:

    i. The date on which the Debtor's rights to use Cash Collateral cease;

    ii. Entry of a Court order directing the cessation of such payments;

    iii. Conversion of this proceeding to one Chapter 7 of the Bankruptcy Code;

    iv. Dismissal of this proceeding; or

    V. Appointment of a trustee in this proceeding.

EXPEDITED RELIEF

15. The Debtor requests that the preliminary hearing on the interim relief requested in this motion be heard on an expedited basis on or before March 27, 2014. The terms of the use of cash collateral on an interim basis are the same as a final basis. Approval on an interim basis in an expedited fashion is necessary to prevent immediate and irreparable harm.

16. The Debtor further requests that a final hearing on the relief sought in this motion be scheduled within 30 days of entry of any interim order for the relief sought herein.

17. The Debtor requests that any order granting the relief sought herein be effective immediately and that the stay imposed by Federal Rule of Bankruptcy Procedure 6004(g) be waived.

REQUEST FOR RELIEF

WHEREFORE, the Debtor respectfully requests that the Court (i) enter an interim order authorizing the Debtor to use the Cash Collateral on an interim basis on the terms set forth above, (ii) schedule a final hearing on this motion, (iii) after notice and an opportunity for a hearing, enter a final order authorizing the Debtor to use the Cash Collateral, and (iv) grant such additional relief as the Court deems just and proper.

Dated: March 26, 2014.

                FLETCHER LAUNDRY I LLC.

                By:   /s/ David R. Herzog
                      One of Its Attorneys

David R. Herzog
Herzog & Schwartz PC
Attorneys for Debtor
77 W. Washington St. #1717
Chicago, Illinois 60602
(312)977-1600

Fletcher Laundry I LLC
Projected Budget for April 2014

| | |
|---|---:|
| Receivables | 17,000.00 |
| Expenses | |
| ABC Bank | 7,500.00 |
| Dexter Equipment | 1,000.00 |
| People's Gas | 1,500.00 |
| DW Disposal | 195.00 |
| Comcast | 125.00 |
| Chicago Water Dept. | 800.00 |
| Insurance | 600.00 |
| ComEd | 900.00 |
| Advertising | 150.00 |
| Sprint | 150.00 |
| Payroll | 3,000.00 |
| Total Expenses | 15,920.00 |
| Net Profits | 1,080.00 |