IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | Case No. 14-10810 |
| ) | Case No. 14-10818 |
| FLETCHER LAUNDRY I, LLC, ) | (jointly administered) |
| an Illinois limited liability company, ) | Chapter 11 |
| and, ) | |
| FLETCHER LAUNDRY II, LLC, ) | Hon. Donald R. Cassling |
| an Illinois limited liability company, ) | |

## AGREED ORDER CONTINUING USE OF CASH COLLATERAL

This cause coming on to be heard at the hearing on the Debtors continued use of cash collateral, due notice having been given, the parties having reached agreement, and the Court otherwise being duly advised in the premises:

**IT IS HEREBY ORDERED:**

1. The Debtors are authorized to continue to use cash collateral and provide adequate protection to ABC Bank on the following terms:

   a. Replacement Liens: As adequate protection for any use or diminution in the value of ABC Bank's interests in Debtors' pre-petition assets, including but not limited to the cash collateral subject to this interim order, ABC Bank is hereby granted, retroactive to the date on which the Debtor's bankruptcy petition was filed, and without the necessity of any additional documentation and filings (i) replacement liens in all post-petition property of the Debtor, including all cash collateral, to the same extent, validity, and priority as the Bank had pre-petition, (ii) an adequate protection payment from each of the Debtors, in the amount of $7,500.00, $15,000 total ("Adequate Protection Payment") each month to be made in collected funds on or before the 5th day of each month, and (iii) a priority claim pursuant to section 507(b) of the Bankruptcy Code for the diminution in value, if any, of Bank's interest in the Bank's pre-petition collateral.

   b. Reporting: The Debtors will provide ABC Bank with all reports required under the Loan Documents which evidence the secured loan transaction between

JS3972

1

       Debtors and ABC Bank and shall provide ABC Bank with a Variance Report, and a Summary of Cash Receipts and Disbursements (as such terms are defined below) and any reports required to be filed in this case. Further, Debtors will promptly provide such other financial information as ABC Bank may reasonably request.

c.   Budget: Unless authorized by ABC Bank in writing, the Debtors will operate within 10% of each budget line item ("Budget Range") of the budget attached as Exhibit A to the Debtors' original motions to authorize use of cash collateral (the "Budget") until the Termination Date, as defined in subparagraph e below. Debtors expenditure of cash collateral in excess of 110% of budgeted expenses is grounds for ABC Bank to terminate Debtors use of cash collateral, by written notice;

d.   Usage: The Debtor is authorized to continue to use cash collateral until the Termination Date to pay (i) actual, ordinary, and necessary expenses of the Debtor's business within the Budget Range, as shown on the Budgets, (ii) Adequate Protection Payments, and (ii) any other expenses approved by the Court or consented to in writing by ABC Bank.

e.   Termination: Unless extended by Court order or written agreement of ABC Bank, the "Termination Date" shall be on the earlier of:

i.    May 27, 2014;

ii.   Any date on which the Debtors' right to use Cash Collateral cease;

iii.  Entry of a Court order directing the cessation of Adequate Protection Payments;

iv.  Written notice from ABC Bank that Debtors have expended funds that are not within the Budget Range;

v.   Conversion of either of these cases to one under Chapter 7 of the Bankruptcy Code;

vi.  Appointment of a trustee in either of these cases; or,

JS3972

      vii.    Dismissal of either of these cases.

f.    Other: On or before the fifth business day after entry of this interim order, Debtors shall provide counsel for ABC Bank a spreadsheet comparing the amount set forth for each line item on the Budgets with any actual disbursements related to each line item(the "Variance Report"). Additionally, in return for the Debtor's interim use of cash collateral, Lender is granted the following additional protection for its asserted interests:

    i.    The Bank is deemed to have requested adequate protection on the date on which the Debtor filed its bankruptcy petition;

    ii.    The Debtor will permit the Bank to inspect, upon reasonable notice, within reasonable hours, the Debtor's books and records, including all inspection necessary to conduct an appraisal of the value of Debtor's property; and Debtor's counsel will promptly supply copies of such records upon request to attorneys of the Bank by overnight mail or by email;

    iii.    The Debtor shall maintain and pay premiums for insurance to cover all of its assets from fire, theft, water damage, and any other casualty events to the same extent and with the same coverage as is required under the Loan Documents;

    iv.    The Debtor shall, upon reasonable request, promptly make available to Bank any and all documentation relating to cash collateral or any other collateral for Debtor's indebtedness;

    v.    The Debtor shall pay into an escrow account that is established at the Bank, sufficient funds for the payment of current real estate taxes relating to any real property owned by the Debtor or any related company of the Debtor;

    vi.    The Debtor shall properly maintain in good repair and properly manage

JS3972

       any real property it owns;

 vii. Other than as set forth above, all funds in or that come into Debtor's possession and control -- other than cash collateral that is authorized to be used pursuant to this interim order and Adequate Protection Payments -- shall be deposited promptly into the Debtor's post-petition business bank account and shall not be expended except in compliance with this interim order or other prior order of the Court. On or about the 20th day of each month the Debtor shall file with the Court a summary of its cash receipts and disbursement for each account of the Debtor (the "Summary of Cash Receipts and Disbursements").

 viii. During the pendency of this bankruptcy and until further order of the Court, all cash of Debtor now or hereafter acquired is deemed to be cash collateral of Bank; and the Bank's security interest in all cash collateral shall be deemed perfected under the Uniform Commercial Code, without further action, filing, recording, or documentation, in all cash wherever located now and wherever located in the future.

 ix. Any written notice required to be served on Debtors under this interim order shall be properly served if served on Debtors' counsel via email, fax or messenger delivery.

  2. This interim order is made without prejudice to any party's rights, including but not limited to rights to seek a determination at a later date as to the necessity or continued adequacy of adequate protection for any collateral of the Bank. Further, to challenge the validity, priority, or extent of any lien, or to challenge the application of any rights of any party to any property under the Court's jurisdiction.

  3. This interim order shall not be deemed to have suspended or waived any of the respective rights or remedies of ABC Bank under the Bankruptcy Code, other applicable law, or any pre-petition loan and security documents. No failure or delay of any party to require strict

JS3972

performance of any provision of this interim order shall waive, affect, or diminish any right of such party thereafter to require strict compliance and performance therewith. All adequate protection payments are provisional and subject to accounting by the Bank upon motion and request by a party in interest.

    4.    The Debtors are hereby authorized to execute any documents as may be reasonably required by ABC Bank to carry out the provisions of this Interim Order.

    5.    A final hearing on the Motion shall be held on May 27, 2014 at 9:30 a.m.(CST).

    6.    This Order shall be effective immediately upon entry.

    7.    This Interim Order shall expire on May 27, 2014.

AGREED:

| FLETCHER LAUNDRY I, LLC<br>FLETCHER LAUNDRY II, LLC | ABC BANK |
|---|---|
| By: /s/ David R. Herzog<br>One of their attorneys | By: /s/ Richard H. Fimoff<br>One of its attorneys |
| DATED: MAY – 8 2014 | ENTERED:<br><br>_Donald R. Cassling_<br>Bankruptcy Judge |

Order prepared by:
Richard H. Fimoff (804886)
Robbins, Salomon & Patt, Ltd.
180 North LaSalle Street, Suite 3300
Chicago, Illinois 60601
rfimoff@rsplaw.com

JS3972

5